TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Assistant U.S. Attorney
Arizona State Bar No. 016742
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Jacqueline.schesnol@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Albert Moses Coury, III,<br>Defendants. | **CR-24-1442-001-PHX-MTL (JZB)**<br>**UNITED STATES' RESPONSE TO DEFENDANT COURY'S MOTION FOR A BILL OF PARTICULARS** |

The United States of America, through undersigned counsel, respectfully responds to Defendant ALBERT MOSES COURY, III (COURY), Motion or a Bill of Particulars (Motion). (Doc. 32.) The Court should deny Defendant COURY's Motion—filed over four months after his arraignment—as untimely. The Court should also deny the Motion on the merits because it improperly asks the Court to compel the government to provide a detailed exposition of its evidence and legal theories. The information sought is available via the United States' discovery, which allow COURY to both understand and defend against the indicted charges. Therefore, Defendant COURY is not entitled to, nor in need of, the "particulars" sought.

## I. Background

In 2021, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began investigating American Guns & Ammo, a federal firearms licensee ("FFL") in Mesa, Arizona, owned by Defendant COURY. In March 2022, ATF executed a search warrant

at COURY's FFL, home, and vehicles. At that time, COURY agreed to speak with ATF agents. From at least mid-2023, COURY was represented by an attorney.[1] In an effort to resolve the matter prior to an indictment, relevant discovery was provided well before the matter was presented to the grand jury. When a resolution could not be reached, a grand jury indicted Defendant COURY on August 27, 2024. COURY was arraigned on September 19, 2024. COURY filed the Motion on February 12, 2025.

**II. Factual Background**

Between April 2020 and December 2021, Defendant COURY owned American Guns & Ammo, which was an FFL in Mesa, Arizona. During the relevant time period, American Guns & Ammo's practice was to have the purchaser of firearm(s) provide their identification, subsequently either COURY or some other employee of American Guns & Ammo would often use the purchaser's identification to complete the Forms 4473.

When interviewed, both COURY confirmed that he had read and was familiar with the ATF Form 4473. COURY described the use of a customer's identification to create a "template" or a "cheat sheet," which in turn was used to fill out the ATF Forms 4473 on the behalf of the customer. Once American Guns & Ammo had a "cheat sheet" for a customer, that would be used for subsequent firearm purchases of the customer. Both COURY and his co-defendant TURNER admitted that they had completed the ATF Form 4473 for customers.

When interviewed by ATF in early March 2022, COURY stated there were times firearms were transferred to customers and they forgot to sign the ATF Form 4473. When confronted with two ATF Forms 4473 both bearing the same customer's name but with clearly two different signatures, COURY admitted the signatures were not the same, it looked like someone forged the customer's name; COURY could not give a legitimate explanation for the discrepancy. COURY admitted it was possible that one person had

[1] Pre-indictment, COURY had been represented by an attorney other than the attorney of record.

ordered firearms via phone or text communications, paid for the firearms, and then someone else picked up the firearms without completing the Form 4473. Between April 2020 and December 2021, individuals purchased firearms from American Guns & Ammo on behalf of others, and COURY knowingly allowed that conduct.

**III. The Motion Should be Denied as Untimely**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, a defendant may move for a bill of particulars "before or within 14 days of arraignment or at a later time if the court permits." A defendant should seek leave of court to file such a motion outside this 14-day window. *See United States v. Kozel*, No. 19-CR-460 (KMW), 2020 WL 4751498, at *3 (S.D.N.Y. Aug. 17, 2020) ("A defendant must move for a bill of particulars within 14 days of his arraignment, unless authorized by the court.). A court should not countenance an untimely motion where the defendant offers no explanation or excuse for the delay. *Id*. ("Defendant offers no explanation for his delay, and the Court declines to excuse Defendant's lateness.").

Defendant COURY was arraigned on September 18, 2024. The instant motion, which was filed February 12, 2024, is thus more than 133 days (over four months) late. Defendant COURY offers no explanation or excuse for this delay. Indeed, the motion would still be untimely if the Court were to count 14 days from October 31, 2024 - the date the parties informed the Court that a trial (and thus the need to prepare a trial defense) would be necessary.

The 14-day time limit in Rule 7(f) makes logical sense. By filing a motion for a bill of particulars, a defendant is essentially telling the Court that he "does not have sufficient notice of the allegations against him … in order to prepare a meaningful defense." (ECF No. 19 at 1.) A motion for a bill of particulars should be filed "promptly" after arraignment. *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, fn. 6 (D.D.C. 2015) (noting motion for bill of particulars should be filed "promptly after the initiation of a criminal case"). Indeed, multiple district courts have denied motions seeking a bill of particulars as

untimely. *See*, *e.g.*, *United States v. Tajideen*, 319 F. Supp. 3d 445, 466 fn. 12 (D.D.C. 2018) (denying motion filed 308 days after arraignment); *United States v. Russo*, No. 20-CR-023 (DLI), 2021 WL 1723250, at *4 (E.D.N.Y. Apr. 30, 2021) (denying motion filed 10 months after arraignment); *Kozel*, 2020 WL 4751498, at *3 (denying motion filed six months after arraignment). And as with a decision based on the merits, a decision to deny a motion for a bill of particulars as untimely is soundly within the discretion of the court. *United States v. Cooper*, 902 F.2d 1570 (6th Cir. 1990) ("Thus, because Cooper's motion for a bill of particulars was untimely, the district court acted within its discretion to deny the motion").

Because Defendant COURY's motion was filed 133 days late, the Court should deny it as untimely and not reach the merits.

## IV. The Indictment, Discovery, and Other Materials Sufficiently Detail the Charge

If the Court reaches the merits of Defendant COURY's Motion, the Motion should be denied because Defendant COURY improperly asks the Court to compel the government to provide a detailed explanation of its trial evidence and arguments, and the information sought is available to Defendant COURY in the discovery.

**Law and Argument**

The Federal Rules of Criminal Procedure require that an "indictment … be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A charging instrument "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Generally, an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence

intended to be punished." *Id*. (internal quotation marks omitted).

Courts have concluded that, "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial." *Overton v. United States,* 403 F.2d 444, 446 (5th Cir. 1968); *United States v. Armocida,* 515 F.2d 49, 54 (3rd Cir.1975) (bill of particulars is not intended as a vehicle for "whole sale discovery of the Government's evidence").

The purpose of an indictment and the low bar an indictment must clear to satisfy the federal rules and Constitution. "While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). As a mere notice pleading, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Id*. at 108; *United States v. Haldeman*, 559 F.2d 31, 123 ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established."). Only in the rare case where "guilt depends so crucially upon . . . a specific identification of fact" not included in the statutory language will an indictment that restates the statute's language be insufficient. *Haldeman*, 559 F.2d at 125 (quoting *Russell v. United States*, 369 U.S. 749, 764 (1962)).

Defendant COURY is attempting to use a bill of particulars as a discovery device and to preview the government's trial theories--neither of which is a permissible basis for granting a motion under Rule 7(f). Requiring the government to identify how acts were committed or identify the specific evidence it would use at trial, are simply efforts by Defendant COURY to lock the government in on its legal theory, in advance of trial. Although the government has an affirmative duty to disclose, it does not have a corresponding obligation to do a defendant's trial preparation, provide the precise manner

in which the government will prove or introduce its case at trial, or identify the specific legal theory upon which the proof will be based.

**V. Conclusion**

Here, the indictment returned by the grand jury is detailed and specific. With the indictment and discovery, COURY has enough information to enable him to prepare a defense to the allegations against him. The United States requests this Court deny Defendant COURY's Motion for a Bill of Particulars.

Respectfully submitted this 5th day of March, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Joy Malby Bertrand
Attorney for Defendant Albert Moses Coury, III

*s/Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney